# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WANNIE R. LUSK,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0485**  (BOR Appeal No. 2048141)
                    (Claim No. 2008047774)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wannie R. Lusk, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2013, in which the Board affirmed a January 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 19, 2012, decision denying Mr. Lusk's request for authorization of the medications Flexeril, Lortab, and Opana. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lusk injured himself on June 10, 2008, when he slipped and fell while walking in mud, and the claim was initially held compensable for a lumbar sprain/strain. Following the compensable injury, Mr. Lusk was treated with opioid therapy including the medication Lortab. On October 7, 2008, the claims administrator determined that Mr. Lusk had received opioid therapy in excess of the statutory treatment guidelines contained in West Virginia Code of State Rules § 85-20-53.14 (2006), and authorized the use of Lortab for an additional three weeks with a weaning and tapering program to follow.

On November 20, 2009, the claim was held compensable for a lumbosacral sprain/strain, generalized anxiety disorder, and recurrent major depressive disorder. Additionally, lumbar radiculitis was added as a compensable component of the claim on January 11, 2011. On May 23, 2012, Robert McCleary, D.O., Mr. Lusk's treating physician, prescribed Lortab and recommended that Mr. Lusk transfer his pain management care to Francis Saldanha, M.D., who was already providing Mr. Lusk with pain management injections. On July 16, 2012, Dr. Saldanha authored a letter stating that he had assumed all of Mr. Lusk's pain management care and requested authorization for the medications Flexeril, Lortab, and Opana.

On July 31, 2012, Prasadarao Mukkamala, M.D., reviewed the claim and recommended denying authorization for the requested medications. He found that diagnostic imaging contained in Mr. Lusk's medical record reveals the presence of degenerative changes. He further found that in his medication request, Dr. Saldanha unacceptably failed to include any clinical notes documenting Mr. Lusk's response to ongoing treatment. On August 1, 2012, the claims administrator denied authorization for the requested medications pursuant to West Virginia Code of State Rules § 85-20-53.14.

On August 28, 2012, Dr. Saldanha issued an additional report stating that Mr. Lusk had done well with pain management and had experienced an eighty percent reduction in pain, but still experienced diminished range of motion. On September 14, 2012, the StreetSelect Grievance Board determined that Mr. Lusk has not been authorized to receive opioid therapy since October of 2008. The Grievance Board then found that the record does not contain any treatment notes supporting the use of the requested medications, and concluded that it is therefore inappropriate to authorize the use of opioid therapy in a four-year-old claim. On September 19, 2012, the claims administrator denied Mr. Lusk's request for authorization of the medications Flexeril, Lortab, and Opana.

In its Order affirming the September 19, 2012, claims administrator's decision, the Office of Judges held that Mr. Lusk has exceeded the treatment guidelines governing the use of narcotic pain medication contained in West Virginia Code of State Rules § 85-20-53.14, and further held that Mr. Lusk has failed to show that this is an extraordinary case warranting treatment beyond the guidelines contained in West Virginia Code of State Rules § 85-20-53.14. On appeal, Mr. Lusk asserts that the continued use of the requested medications is necessary for continuing treatment of his compensable injuries.

The Office of Judges found that West Virginia Code of State Rules § 85-20-53 (2006) provides very specific requirements that must be met in cases where opioid therapy is utilized. Given that Mr. Lusk's compensable injury occurred in 2008, current treatment with opioid therapy would far exceed all of the treatment guidelines contained in West Virginia Code of State Rules § 85-20-53.14. The Office of Judges further found that the documentation received from Dr. Saldanha does not demonstrate that this is an extraordinary case warranting treatment in excess of the treatment guidelines contained in West Virginia Code of State Rules § 85-20-53.14. Further, the Office of Judges took note of the Grievance Board's determination that Mr. Lusk has not been authorized to receive opioid therapy since October of 2008. Finally, the Office of

Judges also noted that in 2008, the claims administrator denied the continued use of Lortab in the instant claim based on a finding that Mr. Lusk's treatment had exceeded the guidelines contained in West Virginia Code of State Rules § 85-20-53.14, and further noted that according to the claims administrator's decision Ms. Lusk was weaned and tapered from Lortab, which is one of the medications for which he is currently requesting authorization. The Board of Review reached the same reasoned conclusions in its decision of April 24, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified

3